UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COQUINA CROSSING HOMEOWNERS
ASSOCIATION, INC., in its representative capacity
on behalf of Itself, and current and former mobile
homeowners in the Park,

      Plaintiff,

v.

      Case No.: 3:21-cv-00084

MHC OPERATING LIMITED PARTNERSHIP,
EQUITY LIFESTYLE PROPERTIES, INC.,
MHC COQUINA CROSSING, LLC, ERIC ZIMMERMAN,
GENA MAY, JARED LAMBERT, WILLIAM
SMOLJANOVICH, MARTA LINDSTROM,
FLORIDA MANUFACTURED HOUSING ASSOCIATION, INC.,
JOSEPH ALLEN BOBO, and LUTZ, BOBO & TELFAIR, P.A.,
d/b/a LUTZ, BOBO, TELFAIR, EASTMAN & BOBO,
f/k/a LUTZ, WEBB & BOBO, P.A.,

      Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, MHC Operating Limited Partnership, Equity Lifestyle Properties, Inc., MHC Coquina Crossing, LLC, Eric Zimmerman, Gena May, Jared Lambert, William Smoljanovich, Marta Lindstrom, Joseph Allen Bobo, and Lutz, Bobo & Telfair, P.A., (the "**Removing Defendants**"), hereby remove the above-styled cause to the United States District Court for the Middle District of Florida, Jacksonville Division, and respectfully show:

### Statement of Grounds for Removal

This Notice of Removal is based on 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1367, and the Class Action Fairness Act.

## Basis for Removal

1. On September 29, 2020, Plaintiff, Coquina Crossing Homeowners Association, Inc. (the "**HOA**"), on behalf of itself and a putative class of current and former mobile homeowners, commenced this action in the Seventh Judicial Circuit Court in and for St. Johns County, Florida, styled *COQUINA CROSSING HOMEOWNERS ASSOCIATION, INC. v. MHC OPERATING LIMITED PARTNERSHIP, et al.*, Case Number CA20-1041 (the "**Instant Action**"). A copy of the complaint filed in the Instant Action is attached hereto as Exhibit "A."

2. The HOA is the statutory homeowners' association for Coquina Crossing Mobile Home Park in St. Johns County, Florida.

3. The putative class consists of "more than 900 current and former mobile homeowners in the Coquina Crossing Mobile Home Park…." (Ex. A at p. 3).

4. The HOA is a Florida not-for-profit corporation, with its principal place of business in Elkton, Florida. (Ex. A at ¶ 4). For diversity purposes, it is a citizen of the State of Florida.

5. The putative class includes current and former mobile homeowners in the Coquina Crossing Mobile Home Park. The citizenship of these individuals is unknown at this time.

6. Several of the Defendants in the Instant Action are not citizens of Florida.

7. Defendant MHC Operating Limited Partnership is an Illinois limited partnership, with one general partner – Defendant Equity Lifestyles Properties, Inc. As described below, ELS is a citizen of Maryland and Illinois for diversity purposes and, consequently MHC Operating Limited Partnership is a citizen of the State of Maryland and Illinois for diversity purposes.

8. Defendant Equity Lifestyles Properties, Inc. ("**ELS**") is a Maryland corporation with its principal place of business in Illinois. For diversity purposes, it is a citizen of both the State of Illinois and Maryland.

9. Defendant MHC Coquina Crossing, LLC is a Delaware limited liability company. Its sole member is MHC Operating Limited Partnership which, as addressed above, is a citizen of the State of Maryland and Illinois. Consequently, MHC Coquina Crossing, LLC is a citizen of the State of Maryland and Illinois for purposes of diversity purposes.

## Bases for Removal

10. Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

11. Count II of the complaint in the Instant Action asserts a claim under the ADA, 42 U.S.C. § 12101, *et seq*. Accordingly, this Court has original jurisdiction over the ADA claim. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claim (Count I) pursuant to 28 U.S.C. § 1367, and this entire Instant Action is removable under 28 U.S.C. § 1441(a).

12. Separately and independently, this Court also has original jurisdiction over the Instant Action under the Class Action Fairness Act of 2005 ("**CAFA**"), 28 U.S.C. § 1332(d), and the Instant Action is removable to this Court under both 28 U.S.C. §§ 1441 and 1453.

13. CAFA provides the federal district courts with original jurisdiction to hear a case if the putative class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)).

14. The Instant Action falls within the jurisdictional confines of CAFA.

15. A "class action" under 28 U.S.C. § 1332(d)(1)(B) is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." The Instant Action is a class action within this definition.

16. CAFA also instills a minimal diversity threshold requirement. That is, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, ELS is a citizen of Illinois and Maryland. Thus, it has a different citizenship than that of the HOA. At minimum, the same is true for MHC Operating Limited Partnership and MHC Coquina Crossing, LLC. Accordingly, the Instant Action meets the minimal diversity threshold.

17. CAFA next mandates that the purported class contain at least 100 members for jurisdiction to exist. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). Here, Plaintiff claims the putative class consists of more than 900 current and former mobile homeowners. As such, the Instant Action meets the numerosity requirement of CAFA.

18. Finally, CAFA mandates that the amount in controversy exceed $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). Here, the HOA seeks compensatory damages equal to the alleged amount of increased lot rentals, exemplary and trebled damages under the Florida Antitrust Act, injunctive relief ordering Defendants to make substantial modifications to the Park, attorneys' fees, and costs. (Ex. A at pp. 24, 31). Indeed, the allegations of the complaint make clear that, at minimum, the damages Plaintiffs seek for the alleged "false and fraudulent lot rent premium categorization exceeds 2.3 million dollars." (Ex. A at ¶ 45). When trebled, those damages alone exceed the $5,000,000 jurisdictional limit. As such, it is clear that in the aggregate, the value of the amount Plaintiff has attempted to put in controversy plausibly exceeds $5,000,000. As such, the Instant Action satisfies the amount in controversy requirement of CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (Notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

19. Accordingly, this Court has original jurisdiction over the Instant Action pursuant to CAFA and 28 U.S.C. § 1332(d).

### Timeliness of Removal

20. The earliest of the Removing Defendants was served with the complaint in the Instant Action on December 24, 2020.

21. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 § U.S.C. 1446(b)(1); *Florida Health Scis. Ctr., Inc. v. Gov't Employees Ins. Co.*, 8:17-CV-339-T-36AAS, 2017 WL 3720880, at *3 (M.D. Fla. Aug. 7, 2017). This Notice of Removal is filed within 30 days of December 24, 2020 in compliance with 28 U.S.C. § 1446(b).

### This Court is the Proper Venue for the Instant Action

22. The Removing Defendants seek removal to the Middle District of Florida, Jacksonville Division, the District in which the action is now pending. 28 U.S.C. § 1441(a).

23. This Notice of Removal is filed in compliance with 28 U.S.C. § 1446(b).

24. A written notice of filing this Notice of Removal will be provided to the attorney for Plaintiffs as well as the Seventh Judicial Circuit Court in and for St. Johns County, Florida.

25. Following the filing of this Notice of Removal, a true and accurate copy will be filed with the Clerk of Court for the Seventh Judicial Circuit Court in and for St. Johns County, Florida as required by 28 U.S.C. § 1446(d).

26. Pursuant to Local Rule 4.02, in addition to the Complaint, contemporaneously with the filing of this notice, true and accurate copies of all other pleadings, orders, other papers, or exhibits on file in the Instant Action have also been filed.

## CONCLUSION

Defendants remove this action and respectfully request for it to proceed in this Court.

*s/ Ali V. Mirghahari*
Mahlon H. Barlow
Florida Bar No. 871117
mbarlow@sbwlegal.com
mhbassistant@sbwlegal.com
Ali V. Mirghahari
Florida Bar No. 1003493
amirghahari@sbwlegal.com
avmassistant@sbwlegal.com
SIVYER BARLOW & WATSON, P.A.
401 E. Jackson Street, Suite 2225
Tampa, FL 33602
Main: (813) 221-4242
Fax:  (813) 227-8598
*Co-Counsel for Defendants except Florida Manufactured Housing Association, Inc.*

and

J. Allen Bobo
Florida Bar No. 0356980
jabobo@lutzbobo.com
Jody B. Gabel
Florida Bar No. 0008524
jbgabel@lutzbobo.com
LUTZ, BOBO & TELFAIR, P.A.
2 North Tamiami Trail, Suite 500
Sarasota, FL  34236-5575
Telephone:  (941) 951-1800
Toll free:    (877) 951-1800
Fax:           (941) 366-1603
*Co-Counsel for Defendants except Florida Manufactured Housing Association, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, and a copy was sent via e-mail to:

Daniel W. Perry, Esq.
4767 New Broad Street, Ste. 1007
Orlando, FL 32814-6405
dan@danielperry.com
*Counsel for Plaintiff*

        *s/ Ali V. Mirghahari*
        Attorney