## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

COQUINA CROSSING
HOMEOWNERS ASSOCIATION,
INC.,

        Plaintiff,

v.                                         Case No.   3:21-cv-84-MMH-LLL

MHC OPERATING LIMITED
PARTNERSHIP, et al.,

        Defendants.

_____

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties challenge the existence of subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua</u> <u>sponte</u> whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C.

§ 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997). Notably, the party seeking to invoke the Court's jurisdiction bears the burden of establishing that the jurisdictional prerequisites are met. <u>See</u> <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257 (11th Cir. 2002); <u>see</u> <u>also</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction"). For the reasons set forth below, the Court determines that this action is due to be remanded to the state court in which it was originally filed for lack of subject matter jurisdiction.

## I.    BACKGROUND

On September 29, 2020, the Coquina Crossing Homeowners Association, Inc., (the "Association") initiated this action in the Circuit Court, Seventh Judicial Circuit, in and for St. Johns County, Florida, alleging claims under the Florida Antitrust Act, Florida Statute section 542.18, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 <u>et</u> <u>seq.</u> ("ADA"). <u>See</u> Complaint (Doc. 3). Defendants removed the action to this Court on January 22, 2021, asserting that the Court had subject matter jurisdiction over the ADA claim, as it raised a question of federal law, and supplemental jurisdiction over the state law claim. <u>See</u> Notice of Removal (Doc. 1; Notice of Removal) at 3. In addition, Defendants asserted that the Court had diversity jurisdiction over the action based upon the provisions of the Class Action Fairness Act of 2005 ("CAFA").

See id. However, on February 25, 2021, the Association filed an amended complaint omitting its federal ADA claim. See Amended Complaint (Doc. 17; Amended Complaint). With the elimination of the Association's ADA claim, the Court was no longer confident of the existence of original subject matter jurisdiction. Specifically, the Court questioned whether CAFA provided a basis for the Court to exercise diversity jurisdiction over the Association's state law antitrust claim. The Court further questioned whether, if CAFA did not support such an exercise of jurisdiction, the Court should continue to exercise supplemental jurisdiction over that purely state law claim. See Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002) (holding that a district court has discretion whether to retain jurisdiction over the state law claims even if a complaint is amended subsequent to removal and removes the original basis for federal subject matter jurisdiction). As such, on April 8, 2021, the Court ordered the parties to show cause why this action should not be remanded to the state court. See Order to Show Cause (Doc. 29; Order to Show Cause). On April 26, 2021, the parties filed responses to the Order to Show Cause. See Defendants' Response to Show Cause Order (Doc. 32; Defendants' Response); Plaintiff's Response to Order to Show Cause (Doc. 34; Association's Response). Thus, the Court's sua sponte jurisdictional inquiry is ripe for resolution.

## II.   GOVERNING LAW

Federal district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). In 2005, Congress enacted CAFA which amended the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by providing special rules for class action lawsuits. Smith v. Marcus & Millichap, Inc., 991 F.3d 1145, 1149 (11th Cir. 2021) (citing Class Action Fairness Act of 2005, Pub. L. No. 109–2 § 2(b), 119 Stat. 4). In doing so, Congress "loosened the requirements for diversity jurisdiction . . . for class actions." Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 164-165 (2014) (noting that class actions filed in state court which satisfy CAFA's requirements may be removed to federal court under 28 U.S.C. § 1453). Pursuant to CAFA, federal courts are authorized to exercise original jurisdiction over a case if it is a "class action" filed under "rule 23 of the Federal Rules of Civil Procedure" or under a "similar State statute or rule of judicial procedure," the class has more than 100 members, the parties are minimally diverse, and the aggregate amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d).[1]

---

[1] An assertion of jurisdiction based on "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006); Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

### III.   POSITIONS OF THE PARTIES

In the Amended Complaint, the Association asserts a single state law antitrust claim in its representative capacity on behalf of the homeowners in the Coquina Crossing Mobile Home Park ("Park")[2] against Defendants MHC Operating Limited Partnership, Equity LifeStyle Properties, Inc., MHC Coquina Crossing, L.L.C.; several of the companies' officers and agents, Eric Zimmerman, Gena May, Jared Lambert, William Smoljanovich, and Marta Lindstrom; and the companies' lawyer, J. Allen Bobo and his firm Lutz, Bobo & Telfair, P.A.[3] Amended Complaint at 10-12. At the time Defendants removed the case to this Court, in addition to the now deleted federal question jurisdiction, Defendants asserted that the Court has subject matter jurisdiction over the action based on CAFA because the Association's claim was brought as a "class action." See Notice of Removal ¶ 15 (citing 28 U.S.C. § 1332(d)(1)(B)). In doing so, Defendants asserted that CAFA applies because the Association's claim was filed under a state statute that is "similar" to the federal class action rule "authorizing an action to be brought by 1 or more representative persons as a class action." Id. According to Defendants, CAFA provides jurisdiction over

---

[2] The Park is an "age 55 or older" mobile home park with 742 rental residential lots. Amended Complaint at 6. The Park's mobile homeowners are largely elderly persons over 65 years of age. Id.

[3] The Court previously dismissed the Association's claims against Defendant Florida Manufactured Housing Association, Inc. based on a Notice of Voluntary Dismissal. (Docs. 35, 36).

the Association's state law antitrust claim because "the putative class consists of more than 900 current and former mobile homeowners" which exceeds CAFA's required minimum of "at least 100 members." Id. ¶ 17 (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)). Defendants further asserted that CAFA's requisite amount in controversy is met because the Association "seeks compensatory damages equal to the alleged amount of increased lot rentals, exemplary and trebled damages under the Florida Antitrust Act, injunctive relief ordering Defendants to make substantial modifications to the Park, attorneys' fees, and costs." Id. ¶ 18.

After the Court issued its Order to Show Cause, Defendants filed Defendants' Response in which they summarily reassert these same arguments. Defendants' Response at 2. Alternatively, Defendants argue that if the Association's civil action does not fall within CAFA jurisdiction, the Court nonetheless should exercise its discretion to retain jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. Id. In its response to the Court's Order to Show Cause, the Association argues that Defendants cannot support their argument that the lawsuit was filed by a sufficient number of "persons" to fall within CAFA's jurisdiction. Association's Response at 3 (citing Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161 (2014)).[4] The Association also

---

[4] Although the Supreme Court in AU Optronics Corp. generally described CAFA, it dealt more specifically with provisions concerning a "mass action" under CAFA, which Defendants do not allege as the basis for federal jurisdiction in this case. See 28 U.S.C. § 1332(d)(11)(B)(i).

argues that the Court should decline to exercise § 1367 supplemental jurisdiction over the state law antitrust claim for reasons of comity, convenience, and fairness, and the action should be remanded to state court. Id. at 4-5 (citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988) (holding that the district court's remand of state claim to state court was a permissible exercise of discretion following plaintiff's dismissal of federal claims)).

In responding to the Order to Show Cause regarding CAFA jurisdiction, neither side sufficiently briefed the issue of whether the Association's "civil action" is a "class action" as defined by CAFA or a "representative" action as alleged by the Association in the Amended Complaint. Despite the fact that Defendants bear the burden to establish that the Court has CAFA jurisdiction, they devote less than a page of their response to the definitional "class action" issue which they contend authorizes the Court's jurisdiction. Defendants' Response at 3-4. And the Association largely ignores the issue arguing instead only that because its suit is brought as a representative action, the Association itself is the sole named "person," and as such, it does not meet the numerosity requirement of CAFA.

In the Amended Complaint, the Association specifically states that its Florida Antitrust Act claim is brought—not as a "class action"—but as a "representative action" on "behalf of itself" and the mobile homeowners in the

Park. Amended Complaint at 5. The Association asserts that it is an "incorporated mobile homeowner association and the legal representative" of "all of the mobile homeowners" in the Coquina Crossing Mobile Home Park for "all matters" of "common interest . . . relating to the Florida Mobile Home Act" pursuant to "Florida Statute § 723.075(1) and 723.076(1)." [5] Amended Complaint at 5. According to the Association:

> [T]he relationship between the Coquina Crossing [Homeowners' Association], the homeowners represented by the [Association] and the Park owner or operators is regulated under Chapter 723 [of] Fla. Stat., and encompasses a broadly defined "lot rental agreement."

Id. at 5-6. Additionally, the Association relies on Rule 1.222 of the Florida Rules of Civil Procedure (Florida Rule(s)). Id. Defendants do not dispute that the Association is the sole Plaintiff or that it is a not-for-profit corporation which serves as the official statutory homeowners' association for Coquina Crossing Mobile Home Park. See Notice of Removal ¶¶ 2, 3. Nevertheless, Defendants contend that the Association's lawsuit falls within the definition of a "class action" under CAFA based upon the combined effect of Florida Statute section 723.075(1) and Florida Rule 1.222. Notice of Removal ¶¶ 14-15; Defendants' Response at 3. They explain that pursuant to section 723.075(1), the Association

---

[5] In pertinent part, Florida Statute section 723.075(1) provides that upon incorporation, a homeowners' association shall become a representative of all the homeowners in all matters relating to this Chapter, regardless of whether the homeowner is a member of the association.

is the representative of all mobile homeowners on matters governed by the Florida Mobile Home Act. <u>Id.</u> at 4. They further assert that the Florida Supreme Court specifically adopted Florida Rule 1.222 as a special rule of "judicial class action procedure" to authorize a homeowners' association to bring a class action on behalf of all mobile homeowners "concerning matters of common interest." <u>Id.</u> at 4 (citing <u>Lanca Homeowners, Inc. v. Lantana Cascade of Palm Beach, Ltd.</u>, 541 So.2d 1121, 1124 (Fla. 1988); <u>Biza, Corporation v. Galway Bay Mobile Homeowners Assoc., Inc.</u>, 304 So.3d 1227, 1232-33 (Fla. 3d DCA 2019)). According to Defendants, this action is a "class action" because the Association asserts standing as "a representative of the homeowners" via the "combined operation" of section 723.075(1) and Florida Rule 1.222, which, they argue, operate as the equivalent of Rule 23 for purposes of CAFA. Defendants' Response at 3-4. With this background, the Court considers whether CAFA authorizes an exercise of subject matter jurisdiction over the state law claim in the Association's Amended Complaint.

## IV.   DISCUSSION

### A. CAFA Subject Matter Jurisdiction

Pursuant to CAFA, a civil action not filed under Rule 23, Federal Rules of Civil Procedure (Rule(s)), will be considered a "class action" if it is filed under a state "statute or rule of judicial procedure" similar to Rule 23. 28 U.S.C. § 1332(d)(1)(B). Thus, the question for the Court is whether the Florida law and

Florida Rule on which the Association bases its representation of homeowners are "similar" to the federal class action rule, Rule 23.

Turning first to the effect of Florida Statute section 723.075(1), the Court observes that other courts faced with civil actions brought on behalf of organized groups or associations in a representative capacity have concluded that the applicable state statutes were not "similar" to the federal class action rule and, therefore, no CAFA jurisdiction existed. The Third Circuit Court of Appeals reached such a conclusion in Erie Insurance Exchange v. Erie Indemnity Company, 722 F.3d 154 (3d Cir. 2013). There, the court considered whether an action filed by members of an unincorporated association "on behalf of all members" belonged in federal court after having been removed on the basis of CAFA jurisdiction. Id. at 156. ("[T]he basic question we must resolve is whether a federal court has subject matter jurisdiction to hear this case in the first instance [and] . . . whether this case even constitutes a 'class action.'"). In doing so, the court determined the relevant inquiry to be "whether th[e] action was brought under a 'state statute or rule' that is 'similar' to Rule 23" or one that "otherwise authorizes an action to be brought by a representative as a class action." Id. at 158 (citing Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 151 (9th Cir. 2009)). Comparing the state rule with Rule 23, the court found that the state rule allowing suits by an association "contain[ed] none of the

defining characteristics" of Rule 23. Id. at 158-159.[6] The court explained

> [The state rule] does not, for example, provide for class certification mechanisms, Fed. R. Civ. P. 23(c)(1), list requirements such as numerosity or commonality that a suit must meet to constitute a class action, Fed. R. Civ. P. 23(a)-(b), or specify the form and substance of notice that must be given to absent class members, Fed. R. Civ. P. 23(c)(2). Nor does [state] Rule 2152 permit individual class members to opt-out or provide for the appointment of a lead plaintiff or class counsel. Far from "authorizing an action to be brought by [a] representative person[ ] as a class," 28 U.S.C. § 1332(d)(1)(B), Rule 2152 merely authorizes suits by representatives on behalf of an unincorporated association. See Pa. R. Civ. P. 2152. Indeed, to the extent we have interpreted Pennsylvania law on the matter, we have held that suits by members of an unincorporated association (such as those contemplated by Rule 2152) may not be brought as a class action. . . . [A]s per Congress's command, we reach our holding by looking to the rule under which a case was filed. . . .

> Far from helping [defendant], its "substance of the claims" arguments convince us that this case is not properly viewed as a class action. Even if this case were viewed as a suit by all of [the association's] members against [defendant] on [the association's] behalf, it would still bear little resemblance to a Rule 23 action. The group of individuals that comprise [the association] exists to pool resources and buy insurance and will continue to exist beyond the life of this suit. By contrast, a "class" in a class action is a group of individuals whose legal association normally begins and ends with the lawsuit, which is not the case here.

---

[6] The court identified the relevant portions of Rule 23 to be the requirements that "'[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if' numerosity, commonality, typicality, and adequacy of representation are met, and if the class meets other requirements and is certified by the court as a class after following certain notice procedures.'" Id. at 158 (quoting Fed.R.Civ.P. 23(a)-(c)).

> Nor do we see any indication that members of [the association] can opt in or out of the suit (which will bind [it]), or that they are entitled to notice, an opportunity to object, or to be appointed lead plaintiff.

Id. at 159, 161. On this reasoning, the court concluded that "a suit by [an association] is properly understood as a suit by one entity, not by 'a conglomerate of individuals.' . . . Plain and simple, this is a suit by an entity, not a class of individuals.'" Id. at 159-60. As such, the plain text of CAFA did not support an exercise of federal jurisdiction over the state law claim. Id. (the court deferred the question of whether the association's suit had other procedural deficiencies under the state rule to the state courts who were "best suited to correct the problem"). Other courts similarly have found no CAFA jurisdiction where a plaintiff brings a lawsuit in a representative capacity under the authority of a state statute or rule that is not analogous to Rule 23. See e.g., Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1122-23 (9th Cir. 2014) (finding that an action brought pursuant to California's Private Attorneys General Act was not a class action because it was not sufficiently similar to Rule 23); Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 216 (2d Cir. 2013) (attorney general's lawsuit brought in a parens patriae capacity was not a class action under CAFA because it was not similar to Rule 23); West Virginia ex rel. McGraw v. CVS Pharm., Inc., 646 F.3d 169, 176 (4th Cir. 2011) (attorney general's claims did not satisfy the requirements for CAFA jurisdiction because

the statutes on which he relied "contain[ed] virtually none of the essential requirements for a Rule 23 class").

An example of a case properly invoking CAFA jurisdiction highlights the difference. In Williams v. Emps. Mut. Cas. Co., 845 F.3d 891, 899–900 (8th Cir. 2017), the court found CAFA's jurisdiction existed in a case where a plaintiff sought to represent a class of mobile homeowners in a garnishment proceeding to collect on a judgment in favor of the class. Id. at 895.   In doing so, the court rejected the plaintiff's attempt to obtain a remand to state court relying on Erie, Bauman, Purdue Pharma, and McGraw. Id. at 900. Those cases, the court explained, were brought by individuals authorized by a specific state rule or statute to act in a representative capacity without having to satisfy requirements similar to those in Rule 23. Id. at 899-900. In contrast, the Williams plaintiff filed suit under a garnishment statute that "included no provision authorizing a plaintiff to bring suit on behalf of others." Id. at 900. As such, the plaintiff could pursue the claims on behalf of the class only if she could satisfy the state law "analogue of Rule 23." Id. Because the Williams plaintiff brought the "action on behalf of a class previously certified under a state-law analogue to Rule 23, the action was necessarily 'filed under' Rule 23 or a state-law analogue, even though the complaint omitted explicit reference to such a rule." Id. at 902. Therefore, the defendant properly invoked federal court jurisdiction under CAFA and remand was correctly denied. Id.

Here, section 723.075(1) of the Florida Mobile Home Act allows a homeowners' association to bring an action on behalf of the homeowners, but as the distinction between <u>Erie</u> and <u>Williams</u> demonstrates, it does not satisfy CAFA's "class action" requirement. The statute is not a "class action" rule nor is it "similar" to Federal Rule 23. Indeed, like the statutes in <u>Erie</u>, <u>Bauman</u>, <u>Purdue Pharma</u>, and <u>McGraw</u>, section 723.075(1) contains none of the hallmark requirements of a class action brought pursuant to Rule 23.

Defendants' contention that Florida Rule 1.222, when "combined in operation" with section 723.075(1), is "similar" to Rule 23 fairs no better because Florida Rule 1.222 also is not a class action rule and is not similar to Rule 23.

Florida Rule 1.222 authorizes a mobile homeowners' association, acting as a representative, to bring an action on behalf of all mobile homeowners in a park concerning "matters of common interest." <u>Lanca Homeowners</u>, 541 So.2d at 1124. The Florida Supreme Court adopted the rule pursuant to its emergency rulemaking authority in its <u>Lanca Homeowners</u> decision. <u>Id.</u> at 1123-24.[7] There, an association sought to represent the individual mobile homeowners in a class action against the landlord property owner pursuant to section 723.079(1) of the Florida Mobile Homeowners Act. <u>Id.</u> at 1122. The trial court

---

[7] "The rule was amended once in 1993 to make minor, editorial changes." <u>Biza, Corp.</u>, 304 So.3d at 1232, n.4.

found, based upon the authority granted by Florida Statute section 723.079(1), that the homeowners' association was a proper class representative despite not being a member of the class. <u>Id.</u> at 1122. The court of appeals disagreed. <u>Id.</u> at 1122-23. That court found the relevant portions of section 723.079(1) on which the trial court relied to be an "unconstitutional incursion" into the Florida Supreme Court's exclusive rulemaking authority, and further concluded that because the association was not a member of the homeowner class, it was not a proper class representative under Florida Rule 1.220, the civil procedure rule governing class actions in Florida. <u>Id.</u> The Florida Supreme Court affirmed the decision of the court of appeals, and declared unconstitutional all but the first two sentences of section 723.079(1). Nevertheless, because "the unique features of mobile home residency call for an effective procedural format for resolving disputes between park owners and residents concerning matters of shared interest," the court adopted Florida Rule 1.222 as a special rule to govern actions brought by mobile homeowners' associations for the benefit of all of the association's members. <u>Id.</u> at 1123-24. In doing so, the court exempted such actions from satisfying the requirements of Florida's standard class action rule, Florida Rule 1.220. <u>Id.</u> at 1123. Indeed, Florida Rule 1.222 specifically provides:

> A mobile homeowners' association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all homeowners concerning matters of common interest including, but not limited to: the common property; structural components of a building

or other improvements; [etc.] . . . If the association has the authority to maintain a class action under this rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this rule. Nothing herein limits any statutory or common-law right of any individual homeowner or class of homeowners to bring any action which may otherwise be available. <u>An action under this rule shall not be subject to the requirements of rule 1.220</u>.

Fla. R. Civ. P. 1.222.

In arguing that the combined operation of Florida Rule 1.222 and Florida Statute section 723.075(1) renders the Association's claim one that falls within CAFA's definition of a "class action," Defendants fail to appreciate that Florida has a comprehensive and detailed class action rule, Florida Rule 1.220, which is not only "similar" to, but is based on, Rule 23. <u>See</u> Fla. R. Civ. P. 1.220, advisory committee's notes. They also ignore the fact that the plain language of Florida Rule 1.222 governing representative actions by mobile homeowners' associations exempts such actions from satisfying the requirements of Florida Rule 1.220, the very same ones that are the hallmark requirements of a class action under Rule 23. Fla. R. Civ. P. 1.222 ("[a]n action under this rule shall not be subject to the requirements" for class actions set forth in Rule 1.220). Thus, the plain language of Florida Rule 1.222 excepting it from the "class action" requirements makes it anything but "similar" to Rule 23.

Florida appellate courts recognize that mobile homeowners' associations

bringing suit on behalf of homeowners are not subject to the detailed procedural class action requirements of Rule 1.220. See e.g., Biza, Corp., 304 So. 3d at 1232-33. In Biza, Corp., Florida's Third District Court of Appeal not only recognized that actions brought pursuant to Florida Rule 1.222 are not subject to the traditional class action requirements, it discussed the important reasons the Florida Supreme Court had for exempting such actions. Biza, Corp., 304 So. 3d at 1232-33; see also Amber Glades, Inc. v. Leisure Assocs. Ltd. Partnership, 893 So. 2d 620, 623-25 (Fla. 2d DCA 2005) (noting that mobile homeowners' association's suit was "not a standard class action," thus, the trial court was not required to make a factual decision of whether association would be "an adequate class representative," as long as the trial court found the issue was of "common interest" to homeowners as required by Florida Rule 1.222). For these reasons, the court rejected a challenge to a mobile homeowner class that was certified without a hearing to establish an evidentiary basis for certification as contemplated by Florida Rule 1.220. Id.

Notably, Florida Rule 1.222 does not contain any of the hallmark requirements of a traditional class action. Unlike Rule 23 and Florida Rule 1.220, it does not require any showing of numerosity, typicality, and commonality. Nor does it require that notice be given to absent class members, or that certain types of actions include opt-out procedures. Fla. R. Civ. P. 1.220(a)-(d). Instead, Florida Rule 1.222 "merely authorizes suits by

representatives on behalf of" an association. <u>See</u> <u>Erie Insurance Exch.</u>, 722 F.3d at 159 (holding state procedural rule for association to bring suit was not similar to "class action" in Rule 23 because of lack of "class certification mechanisms").

Addressing this precise question before the Court in this action, Judge Mendoza recently remanded a nearly identical state law claim brought by a mobile homeowners' association against park owners after dismissal of the federal ADA claim. <u>Holiday Haven Homeowners, Inc. v. Taranto</u>, No. 6:21-cv-174-CEM-EJK (M.D. Fla. Aug. 11, 2021) (Doc. 78) (remanding association's state law claims to state court after ADA claim was dismissed), <u>appeal dismissed sub nom.</u> <u>Ruhlen v. Holiday Haven Homeowners, Inc.</u>, No. 21-90022, 2022 WL 701622 (11th Cir. Mar. 9, 2022) (published).[8] In doing so, the court determined that the association's representative claim under Rule 1.222 was not a "class action" under CAFA. <u>Id.</u> at 4. Rejecting the defendants' contention that the court continued to have jurisdiction pursuant to CAFA because the association's claims were brought "on behalf of the 200 current and former" mobile homeowners in the park, Judge Mendoza explained:

---

[8] The Eleventh Circuit held that it did not have jurisdiction to hear the appeal under 28 U.S.C. § 1453(c)(1) because the remand was <u>sua</u> <u>sponte</u>, not on "the motion of any party." <u>Ruhlen</u>, 2022 WL 701622, at *3.

In citing to <u>Holiday Haven</u>, the Court notes that decisions of other district courts are not binding; nevertheless, they may be cited as persuasive authority. <u>See</u> <u>Stone v. First Union Corp.</u>, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

> Here, federal question jurisdiction no longer exists because the [complaint] asserts only state law claims [under]. . . the Florida Mobile Home Act . . . . Plaintiff explains that it is not asserting a class claim, but rather, a claim by the homeowners' association on matters of common interest to those homeowners in the park. Specifically, Plaintiff is attempting to bring Count 6 in a representative capacity under Florida Rule of Civil Procedure 1.222, which permits "[a] mobile homeowners' association [to] institute, maintain, settle, or appeal actions or hearings in its name on behalf of all homeowners concerning matters of common interest." This type of claim is not a class action, as that term is understood for CAFA jurisdiction. Thus, Plaintiff is not, and has apparently never been, asserting any class claims, and CAFA jurisdiction is not present.

Holiday Haven, Doc. 78 at 3-4 (citations and footnote omitted). For all of the reasons discussed above, this Court agrees with Judge Mendoza's conclusion.

In this case, Florida Rule 1.222 and section 723.075(1), whether individually or "in combination," are not "similar" to Rule 23. Instead, Florida Rule 1.222 specifically exempts homeowners' associations from the class action mechanisms of Florida's standard class action rule—which is modeled after Rule 23—and section 723.075(1) allows mobile homeowners' associations in a representative capacity without satisfying any requirements similar to those in Rule 23. Because the Court finds that neither the Florida rule or statute is a class action rule or "similar" to Rule 23, the federal class action rule, the

Association's case is not a "class action" as defined under CAFA.[9] As such, the Court lacks original subject matter jurisdiction over the claim presented in this case.

## B. Exercise of Jurisdiction Under 28 U.S.C. § 1367

Having determined that the claim remaining before the Court provides no basis for the exercise of original subject matter jurisdiction, the Court must consider whether to exercise supplemental jurisdiction over the Association's state law antitrust claim. "The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004). Pursuant to 28 U.S.C. § 1367(c), the Court may decline to exercise jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Notably, "[a]ny one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir.

---

[9] Given the Court's determination that the Association's claim does not fall within the definition of a class action under CAFA, the Court need not reach the issue of whether the amount in controversy meets the requisite $5,000,000 in damages required under CAFA.

2006). However, upon determining that it has the discretion under § 1367(c) to decline jurisdiction, "[a district court] should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience in deciding whether or not to exercise that jurisdiction." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994).

Defendants argue that even if this Court lacks jurisdiction over the Association's single state law claim under CAFA, the Court should exercise its discretion to retain supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Defendants contend vaguely that principles of judicial economy, convenience, fairness, and comity "militate in favor" of the Court retaining jurisdiction in this case. In support, Defendants argue that the antitrust issues will be decided based on parallel federal law, the Sherman Antitrust Act, and state courts are required to give "due consideration and great weight" to interpretations by the federal courts of "comparable federal antitrust statutes." Defendants' Response at 10 (citing Fla. Stat. § 542.32; § 542.20 (any conduct exempt from federal antitrust law is exempt from Florida's Antitrust Act)). Additionally, they contend that, "in terms of comity, there is no particular interest or value to the State of Florida for the antitrust claim to be determined in a state court because "the body of jurisprudence that will guide the determination of the state antitrust claim is federal jurisprudence." Id. Notably, Defendants cite no legal authority in support of this contention.

The Association argues that the Court should decline to exercise jurisdiction over the state law antitrust claim because the ADA claim was eliminated early in the litigation. Association's Response at 5 (citing Carnegie-Mellon Univ., 484 U.S. at 351)). The Association directs the Court to Judge Bucklew's decision in Swiss Village Inc. v. Maxwell. No. 8:21-cv-153-SCB-AAS, (M.D. Fla. April 8, 2021). There, the court declined to exercise supplemental jurisdiction over a similar Florida Mobile Home Act claim after the plaintiff dropped its federal ADA claim. Id. at 7. In doing so, the court stated that "comity cuts against exercising supplemental jurisdiction. State courts, not federal courts, should be the final arbiters of state law." Id. (citing Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)). The court further noted that, "[i]t is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" Id. (citing Ameritox, Ltd. v. Millennium Labs., Inc., 803 F.3d 518, 540 (11th Cir. 2015)). Additionally, the court determined that considerations of convenience and fairness did not weigh against declining supplemental jurisdiction because most of the parties were Florida citizens and remand would effectuate the plaintiff's original choice of a state forum. Id.

Upon due consideration, and persuaded by the reasoning in Swiss Village, the Court finds that considerations of judicial economy, comity, convenience and

fairness weigh against retaining jurisdiction over the Association's Florida law antitrust claim. In addition to the reasons discussed in <u>Swiss Village</u>, the Court notes that this case has not been pending for an extended period of time, and Defendants' litigation in federal court has not moved beyond determining whether the Court has subject matter jurisdiction based on CAFA. The Court has not issued a scheduling order or reached any dispositive rulings pertaining to the state law antitrust claim. Thus, the procedural posture of the case also weighs in favor of declining jurisdiction to allow the case to proceed fully in state court. <u>See</u> <u>Carnegie-Mellon Univ.</u>, 484 U.S. at 357 ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

Moreover, when, as here, the federal claims are dismissed prior to trial, district courts are "encouraged to remand remaining state claims." <u>Lieu v. Sandy Sansing Cars, Inc.</u>, No. 3:07-cv-345-MCR-MD, 2007 WL 4287642, at *2 (N.D. Fla. Dec. 5, 2007) (citing <u>Raney</u>, 370 F.3d at 1089); <u>Busse v. Lee Cty., Fla.</u>, 317 F. App'x 968, 973–74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state law claims. 28 U.S.C. § 1367(c)(3). Furthermore, we expressly encourage district courts to take such action when all federal claims have been dismissed

pretrial."). See also Carnegie-Mellon Univ., 484 U.S. at 350 n. 7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.").

For the reasons set forth above, the Court has determined that it lacks CAFA jurisdiction because the Association's claim is not brought as a "class action" within the meaning of CAFA. What remains is a state law claim that is best addressed by the state courts, particularly the issue of whether the Association has standing to assert an antitrust claim on behalf of homeowners under Florida Statute section 723.075(1) and Florida Rule 1.222 as a matter of "common interest" to homeowners.[10]

Upon consideration of the § 1367 factors and the "traditional rationales for pendent jurisdiction, including judicial economy and convenience," see Palmer, 22 F.3d at 1569, the Court declines to exercise supplemental jurisdiction over the Association's remaining state law claim. Accordingly, the Association's state law claim is due to be remanded to the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida. See Lewis v. City

---

[10] Defendants state that they "dispute the HOA has Article III standing because the antitrust claim does not fall within the narrow set of claims the HOA can bring on behalf of the homeowners under § 723.075(1) and Rule 1.222, but that dispute is for another day." Defendants' Response at 3. The Court finds that the dispute is not only for another day, it is for another court as well.

- 24 -

<u>of St. Petersburg</u>, 260 F.3d 1260, 1267 (11th Cir. 2001) (directing the district court to remand state law claims over which it declines to exercise supplemental jurisdiction rather than to dismiss them, when the case was originally filed in state court and then removed to federal court); <u>Holiday Haven</u>, No. 6:21-cv-174-CEM-EJK (Doc. 78) (remanding association's state law claim after dismissal of ADA claim); <u>Crystal Lake Community Ass'n. v. Zilis</u>, No. 8:21-cv-151-CEH-AAS, 2021 WL 3472206 (M.D. Fla. July 19, 2021) (same); <u>Swiss Village</u>, No. 8:21-cv-153-SCB-AAS (Doc. 32) (same).

Based on the foregoing, it is hereby

**ORDERED:**

1. This case is **REMANED** to the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida.

2. The Clerk of the Court is directed to transmit a certified copy of this Order to the clerk of that court and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of March, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:
Counsel of Record
Clerk, Seventh Judicial Circuit